UNITED STATES DISTRICT COURT
NORTHERN  DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN P. PRICE et al. | : | Case No. 1:09CV118 |
| | : | |
| Plaintiff, | : | Judge Christopher Boyko |
| | : | |
| v. | : | **DEFENDANTS' MEMORANDUM IN** |
| | **:** | **OPPOSITION TO PLAINTIFF'S** |
| UNITED STATES OF AMERICA, et al. | : | **MOTION TO TAKE DISCOVERY** |
| | **:** | |
| Defendants. | **:** | |

_____

Now come Defendants, collectively, by and through their undersigned counsel, and respectfully submit Defendants' Memorandum In Opposition to Plaintiff's Motion to Take Discovery.  In sum, Defendants request that this Court, consistent with well settled case law, issue an order (1) denying the Plaintiff's Motion to Take Discovery (Doc. 60) and (2) staying all discovery herein until the immunity issues relating to both the common law tort claims and the Bivens/§1983 claims are fully briefed in conformity with the schedule established by the Court at the March 29, 2010 status conference and resolved.

## **MEMORANDUM OF LAW**

### A.  **Procedural Background**

On January 16, 2009, Pro Se Plaintiff Herman Price ("Plaintiff Price") filed his Complaint in this case alleging that Drug Enforcement Administration ("DEA") Special Agents, DEA Task Force Officers, DEA officials, City of Cleveland police officers, the City of Cleveland, Richland County law enforcement officers, and Richland County (collectively the "Defendants") violated his constitutional rights when he was "falsely implicated in a drug conspiracy" and further asserting certain common law tort claims against the Defendants.

On October 7, 2009, Plaintiff Price's counsel entered his appearance in the instant case.

Service of summons and complaint has been perfected against several of the Defendants herein. However, Defendants John Ferster and Karen Tandy, as of this date, have not been properly served with a summons and complaint, contrary to the representations made by Plaintiff's counsel to this Court in Plaintiff's Motion to Take Discovery (Doc 60).

This Court held a status conference on March 29, 2010 at which time the Court set a deadline of April 12, 2010 for the filing of answers by the Defendants who had been served properly and a deadline of May 12, 2010 for the filing of absolute and qualified immunity motions. On April 12, 2010 Defendants Robert Cross, Thomas Verhiley, Robert Corso, Anthony Marotta and Lee Lucas filed their answer to the Plaintiff Price's Complaint (Doc.61 and 62). The answer asserted, among other defenses, that these Defendants were absolutely immune, pursuant to the provisions of the Westfall Act, 28 U.S.C. §2679, from suit for the common law tort claims asserted in the complaint (Doc. 61, First defense and Doc. 62, First defense), and that they were immune, pursuant to the doctrine of qualified immunity, from liability with respect to the <u>Bivens</u> claims asserted in the complaint. (Doc. 61, Fourth defense and Doc. 62, Fourth defense). The other Defendants had previously filed their answers and had raised qualified immunity defenses with respect to the §1983 claims asserted against them. Pursuant to the Court's scheduling order, Defendants will be filing on May 12, 2010 motions for summary judgement based upon the immunity defenses raised in their answers.

    **B.  <u>Argument</u>**

       **1.  Absolute and Qualified Immunity Must Be Decided Before The Court Allows Discovery in This Lawsuit**

The Supreme Court has consistently held that immunity issues, including issues of absolute immunity from common law tort liability under the Westfall Act and issues of qualified

2

immunity from <u>Bivens</u> and §1983 claims, should be decided at the earliest possible state of litigation, even before discovery.  <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); <u>see also</u>, <u>Osborn v. Haley</u>, 549 U.S. 255 at 228-229 (2007)(absolute immunity under the Westfall Act); <u>Saucier v. Katz</u>, 533 U.S. 194, 200-201 (2001); <u>Hunter v. Bryant</u>, 502 U.S. 224, 227-228 (1991); <u>Anderson v. Creighton</u>, 483 U.S. 635, 646 fn. 6 (1987); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)(". . . until this threshold immunity question is resolved, discovery should not be allowed.").

The Sixth Circuit scrupulously has followed the Supreme Court precedent that the threshold issues of absolute and qualified immunity should be addressed prior to the commencement of discovery.  <u>See</u> <u>e.g.</u>, <u>Toms v. Taft</u>, 338 F.3d 519, 523 (6th Cir. 2003)("Moreover, it is proper to decide the qualified immunity issue at the threshold of each case, before burdening potentially immune defendants with discovery."); <u>Skousen v. Brighton High School</u>, 305 F.3d 520, 522 (6th Cir. 2002)(". . . the defense of qualified immunity is a threshold question, which, if properly raised prior to discovery, the district court has a duty to address prior to discovery . . ."); <u>Lavado v. Keohan</u>, 992 F.3d 601, 605 (6th Cir 1993)("Lavado's first motion to compel discovery was denied before the issue of qualified immunity was decided by the district court.  Given the Supreme Court's directive that '[u]ntil this threshold immunity issue is resolved, discovery should not be allowed' . . . the district court's denial of this motion was clearly not an abuse of discretion"), <u>Criss v. City of Kent</u>, 867 F.2d 259, 261 (6th Cir. 1988)("The Supreme Court has clearly stated that discovery in litigation against government officials should be halted until the threshold question of immunity is resolved.").

3

Moreover, in both <u>Westerfield v. United States, et al</u>, Case No. 1:07CV3518 (U.S.D.C., N.D. Ohio) and <u>France, et al. v. Lucas, et al.</u>, Case No. 1:07CV3519 (U.S.D.C., N.D. Ohio), cases within this judicial district that also relate to the Mansfield drug investigation, Judge Gaughan and Judge Nugent entered stays of discovery during the pendency of qualified immunity motions.  Copies of the respective docket entries are appended hereto as Exhibits A and B.

Thus, based upon the above referenced case authority, the absolute and qualified immunity issues raised by the Defendants in this lawsuit must be decided before discovery is permitted.

### 2. Plaintiff's Reliance on the Sixth Circuit's Decision In Westerfield Is Misplaced

Plaintiff Price contends that the Sixth Circuit's unpublished decision in <u>Westerfield v. United States, et al.</u>, 2010 WL 653535 (6th Cir., February 24, 2010) not only affords him the opportunity to conduct discovery prior to the resolution of the absolute and qualified immunity issues in this lawsuit, but also precludes the awarding of summary judgement to the Defendants on the basis of absolute and qualified immunity at the pre-discovery stage.  Plaintiff is in error with respect to both contentions and his reliance on <u>Westerfield</u> is misplaced.

The Sixth Circuit in <u>Westerfield</u> addressed the sufficiency of Rule 56(f) affidavits submitted in opposition to motions for summary judgement based upon qualified immunity that were filed by the individual law enforcement defendants, a number of whom are defendants in the present lawsuit.

Consistent with Judge Gaughan's decision, the Sixth Circuit held that the initial Rule 56(f) affidavit submitted by Westerfield's counsel was "inadequate."  However, the Sixth Circuit

4

further held that the supplemental Rule 56(f) affidavit of Westerfield's counsel, submitted in support of motion for reconsideration after Judge Gaughan awarded summary judgement to the individual defendants on the basis of qualified immunity, was sufficiently detailed and particularized in light of the facts of the Mansfield investigation known at the time of the decision, to comply "with the spirit of Rule 56(f)."

As a result, the Sixth Circuit reversed and remanded Westerfield.  However, the Sixth Circuit specifically cautioned that:

> . . . on remand the district court may fashion a discovery order that is limited to the issue of qualified immunity, recognizing that the case law concerning qualified immunity makes clear that the doctrine exists to make certain that governmental officials who perform discretionary functions are protected from unsubstantial claims.  Westerfield at *6.

It is significant that the Sixth Circuit in Westerfield did not hold that Judge Gaughan's decision to stay discovery during the pendency of the briefing on the immunity issues presented in the lawsuit was in error.  It is equally significant that the Sixth Circuit in Westerfield did not hold that law enforcement defendants were foreclosed from obtaining summary judgement on the basis of absolute and/or qualified immunity at the pre-discovery stage of a Bivens/§1983 lawsuit.  To the contrary, the Sixth Circuit in Westerfield specifically ruled that:

> . . . the trial courts are instructed to rule on such [qualified immunity] motions at the earliest opportunity . . . Nothing in our decision in this case should be construed as modifying that fundamental doctrine.  Westerfield at *6.

Defendants intend to file their absolute and qualified immunity motions herein by May 12, 2010 in accordance with the briefing schedule established by the Court.  If Plaintiff Price's counsel decides to file a Rule 56(f) affidavit in opposition to these motions, he may. However, Defendants submit that the amount of evidence concerning the Mansfield investigation

that Plaintiff Price's counsel  has available to him at this time is significantly greater than the evidence available to Westerfield's counsel at the time of the filing of her Rule 56(f) affidavit. Unlike Westerfield's counsel, Plaintiff Price's counsel has available to him over five weeks of testimony, and thousands of pages of documents, that were presented at the recent trial of Defendant DEA Special Agent Lee Lucas in United States v. Lee Lucas, et al., Case No. 1:09CR222 (U.S.D.C., N.D. Ohio).  Among the witnesses who testified at that trial were Jerrell Bray, DEA Special Agent Lee Lucas, DEA Special Agent Robert Cross, DEA Task Force Officer Thomas Verhiley and several Richland County law enforcement officers.  Even Plaintiff Price testified.  The adequacy of any Rule 56(f) affidavit that may be submitted by Plaintiff Price's counsel to oppose Defendants' immunity motions will have to be assessed in light of this available evidence.

     C.     <u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion to Take Discovery is without merit and should be denied.  Correspondingly, all discovery in this lawsuit should be stayed until the immunity issues relating to both the common law tort claims and the <u>Bivens</u>/§1983 claims are fully briefed in conformity with the schedule established by the Court at the March 29, 2010 status conference and resolved.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Gerald F. Kaminski
GERALD F. KAMINSKI (0012532)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-6972
Gerald.Kaminski @usdoj.gov


s/Jan M. Holtzman
JAN M. HOLTZMAN (0017949)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-6972
Jan.Holtzman @usdoj.gov
Counsel for Robert Cross,
Robert Verhiley, Anthony Marotta
and Robert Corso


s/Joel J. Kirkpatrick
JOEL J. KIRKPATRICK (0071924)
31800 Northwestern Highway
Suite 350
Farmington Hills, MI 48334
(248) 855-6010
Fax: (866) 241-4152
joel@Kirk-law.com
Counsel for Lee Lucas


s/Michael M. Heimlich
MICHAEL M. HEIMLICH (0037447)
103 North Union Street, Suite E
Delaware, OH 43015
(740) 362-1988
Fax: (740) 362-1888
heimlichlaw@aol.com
Counsel for Charles Metcalf

7

s/Daniel T. Downey
DANIEL T. DOWNEY (0063753)
88 East Broad Street, Suite 1750
Columbus, OH 43215
(614) 280-1136
Fax: (614) 280-0204
ddowney@westonhurd.com
Counsel for Larry Faith, J. Steve
Sheldon, Matt Mayer and
Richland County Ohio

s/Jennifer M. Meyer
JENNIFER M. MEYER (0077853)
City of Cleveland
601 Lakeside Avenue, Suite 106
Cleveland, OH 44114
(216) 664-2767
Fax: (216) 664-2663
jmeyer@city.cleveland.oh.us
Counsel for Jamaal Ansari, Brian Hefern,
Michael McGrath and City of Cleveland,
Ohio

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on April 22, 2010

and was served electronically on all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

s/Gerald F. Kaminski
GERALD F. KAMINSKI (0012532)
Assistant U.S. Attorney

8