IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HERMAN PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-CV-00118 |
| | ) | |
| v. | ) | |
| | ) | JUDGE CHRISTOPHER BOYKO |
| LEE LUCAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S SHOWING OF CAUSE WHY
HIS STATE CLAIMS SHOULD NOT BE DISMISSED**

Now Comes Plaintiff, HERMAN PRICE, by his attorneys, LOEVY & LOEVY, and respectfully submits the following pleading showing cause why the Court should not dismiss his pending state claims against Defendants Metcalf, Faith and Mayer.

**Introduction**

After granting summary judgment based on qualified immunity on Plaintiff's federal claims, this Court asked Plaintiff to address whether his state law claims fail in light of that decision. Plaintiff answers unequivocally that they do not. Plaintiff's state law claims cannot be barred by Defendants' qualified immunity defense, thus they are only subject to summary judgment after the completion of full discovery. At this juncture, when only very limited discovery has been allowed and Defendants have not even moved for summary judgment on these claims, adjudication would be improper. Plaintiff objects on two grounds.

First, Plaintiff is entitled to conduct discovery before summary judgment on his state law claims is adjudicated. The Court granted limited discovery, confined to interrogatories only and restricted in scope, but there is no justification for imposing limited discovery upon Plaintiff with regard to claims that cannot be affected by the qualified immunity defense.

Secondly, the Court's factual findings on the existence of probable cause are based on employment of the wrong standard and are, in the words of the Sixth Circuit in a related case, "improper" where, as here, the parties filed motions for summary judgment based on qualified immunity alone and did not seek summary judgment on the merits of Plaintiff's case. As the Sixth Circuit recently ruled, such precipitous conclusions of fact may not be used to grant summary judgment, *see Mott v. Mayer, et al.*, No. 11-3953 (6th Cir. April 17, 2013) (appended as Ex. A), nor can they be exported wholesale onto a separate set of claims which do not involve the same discovery restrictions or the same legal analysis as qualified immunity.[1]

## Procedural Background

Plaintiff Herman Price filed suit against the federal and county Defendants for violations of his constitutional rights following his wrongful arrest, prosecution and imprisonment after the drug investigation code-named Operation Turnaround. After granting Plaintiff's Motion for Limited Discovery in March 2010 following a Sixth Circuit ruling on similar cases and involving similar Rule 56(d) motions, which held that limited discovery should have been granted prior to adjudication, the Court granted summary judgment to a number of Defendants and denied it to Defendants Lucas, Metcalf, Cross, Ansari, Faith and Verhiley, subject to refiling once limited discovery had been completed. On March 13, 2012, the Court ordered limited discovery on qualified immunity in the form of twenty-five interrogatories to each Defendant restricted to the Price investigation. The Court allowed sixty days for the parties to complete discovery. Dkt. # 109.

---

[1] Plaintiff will not address here the Court's holding with regard to standing. Dkt. # 144, at 16-18. He will submit his position in response to Defendants' concurrent motions for dismissal and summary judgment. In any event, he wishes to make it clear that he intends to preserve this issue on appeal.

After this limited discovery concluded, Defendants again moved for summary judgment based upon the defense of qualified immunity. On March 28, 2013, the Court granted Defendants summary judgment on Plaintiff's constitutional claims of malicious prosecution, false arrest, fabrication of evidence, *Brady* violations, and conspiracy brought under Section 1983 and *Bivens*. The Court ruled in favor of Defendants *inter alia* because it determined that Defendants had probable cause for Plaintiff's arrest and prosecution. Dkt. # 144, at 21, 23, 24, 25, 27.

The Court ordered Plaintiff to "show cause why [his] remaining state law claims should not be dismissed." Dkt. # 144, at 28. The Court made no specific finding in relation to Plaintiff's FTCA claims, but counsel for United States have indicated to Plaintiff by letter that they intend to move for dismissal of the FTCA claims on the same grounds.[2] Plaintiff's state law and FTCA claims include malicious prosecution, false arrest and intentional infliction of emotional distress.

Plaintiff now responds to the Court's order and submits the following reasons why the Court should not dismiss Plaintiff's state law claims.

### Argument

**I.  Plaintiff Is Entitled to Conduct Additional Discovery Before Adjudication of Summary Judgment on His Claims Brought Under State Law**

It is well-established that the plaintiff must receive "a full opportunity to conduct discovery" before being required to defend against a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, <u>after adequate time for discovery</u> and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

[2] Regardless of the outcome of this motion, Plaintiff's position is that his FTCA claims are viable, and he will respond to Defendant United States' motion to dismiss accordingly.

party will bear the burden of proof at trial") (emphasis added)*; White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir.1994) ("[in light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery"); *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) ("a motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery."); *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir.1996) ("The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery."); *United Auto Workers, Local 594 v. International Union, UAW*, 956 F.2d 1330, 1337 (6th Cir.1992) ("Summary judgment is improper when there has not been sufficient opportunity for discovery."); *Tarleton v. Meharry Medical College*, 717 F.2d 1523, 1535 (6th Cir.1983) ("summary judgment should not ordinarily be granted before discovery has been completed"); *Qualicare-Walsh, Inc. v. Ward*, 947 F.2d 823, 827 (6th Cir. 1991) ("Caselaw indicates that parties should be able to 'complete' discovery before having to resist summary judgment.").

Qualified immunity is an exception to the general rule. Because qualified immunity "is an immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), "[w]here the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 553 U.S. 194, 200 (2001); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."). As a result, it may be proper to adjudicate a federal constitutional claim after only limited discovery has been conducted if a defendant raises the defense of qualified immunity.

4

However, qualified immunity "is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated." *Mitchell*, 472 U.S. at 527-28; *Fisher v. Harden*, 398 F.3d 837, 842 (6th Cir. 2005). The same rules of immunity apply to suits brought against state agents under 42 U.S.C. § 1983 and other federal civil rights provisions as apply to suits brought against federal officials directly under the constitution. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, n.30 (1982), *citing Butz v. Economou*, 438 U.S. 478 ("it would be untenable to draw a distinction for purposes of immunity law between suits brought against state officials under 42 U.S.C. § 1983 and suits brought directly under the Constitution against federal officials [under *Bivens*]") (citations omitted); *Parks v. Warren Correctional Institution*, 51 Fed.Appx. 137, 142 (6th Cir. 2002), *citing Johnson v. Estate of Laccheo,* 935 F.2d 109, 110-11 (6th Cir. 1991) (recognizing that qualified immunity may quarantine a state official from a lawsuit asserted under §§ 1981, 1983, and/or other federal civil rights provisions); *Crutcher v. Commonwealth of Kentucky,* 883 F.2d 502, 503-04 (6th Cir. 1989) (same re §§ 1981 and 1983). Qualified immunity, however, is a federal rule, and there are no cases extending qualified immunity to suits brought under state law against state agents. There is, therefore, no immunity-based reason to place any evidentiary burden on Plaintiff prior to full discovery being completed on his state claims, and these claims should not be adjudicated on their merits at this stage.

Nor can the individual Defendants assert a transferred immunity – namely that their potential qualified immunity in some other case entitles them to demur as witnesses or refuse to submit to discovery for the state law claims in this case. Even if the witnesses are entitled to immunity in some other case or for some other claims, there is absolutely no authority for transferring the immunity to this case and these claims, where qualified immunity simply does not apply. After an extensive search, plaintiff cannot find a single case supporting the theory that

5

Defendants' immunity from one case should transfer to another case where they are essential witnesses, rather than defendants.  The reason for this dearth is obvious – immunity relieves individuals from the stress and burdens of being sued, but people with immunity in one context can still be made to serve as witnesses to another's misdeeds.[3]

Here, Plaintiff is entitled to conduct discovery on his well-pled state claims. As discussed in greater detail in Plaintiff's Response to Defendants' Motion for Summary Judgment and in the appended Rule 56(d) affidavit, discovery would allow Plaintiff to support his allegations that the Defendants committed state torts. Ex. B, Rule 56(d) Affidavit.

Accordingly, Plaintiff respectfully submits that the Court should decline to adjudicate Plaintiff's state law claims until full discovery has been completed. *Bell v. City of Cleveland*, 2009 WL 281066, at *4 (N.D. Ohio February 4, 2009) ("The Court denies, at this time, Defendant's Motion for Summary Judgment on Plaintiff's state law claims, as the Court allowed limited discovery on Defendant's qualified immunity argument. Defendant may revisit these issues <u>after full discovery has been completed</u>.") (emphasis added). *See also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). Plaintiff also hereby requests full discovery on his state claims, including access to all Defendants for depositions, before the Court considers a dispositive motion on any of these claims.

---

[3] Even our judges and our nation's highest elected officials are sometimes called upon to serve as witnesses, and no court has ruled that certain people should be excused from the burden of serving as a witness simply because they might be immune to another type of suit against them.  *See, e.g., Silacz v. Town of Cicero*, 2008 WL 4542946, *1 (N.D.Ill. 2008) ("As former President Clinton can attest, the ability of a 'high-ranking public official' to avoid a deposition is limited. The motion to compel the deposition of Town President Larry Dominick is granted."); *Manning v. Buchan*, 357 F. Supp. 2d 1036, 1052 (N.D.Ill. 2004) ("Patrick Quinn is now an Illinois Appellate Court justice. Justice Quinn will apparently be called to testify by the defendants at trial.").  The proposed witnesses here are no more exempt from being deposed than former president Clinton, Justice Quinn, and countless other officials called upon to testify as witnesses.

## II. The Court's factual findings on the merits are inapplicable to Plaintiff's remaining claims

Because a motion for summary judgment on the merits asks a different legal question than the one presented by a motion for summary judgment based on qualified immunity, it is error to apply a qualified immunity ruling to resolve summary judgment in general.  *See* Ex. A, *Mott*, at 20, *quoting Mitchell*, 472 U.S. at 527-28 (Qualified immunity "is conceptually distinct from the merits of plaintiff's claims that his rights have been violated.").  Ordinarily, to determine whether a defendant is entitled to qualified immunity, courts ask:  "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established."  *Lanman v. Hinson*, 529 F.3d 673, 683 (6th Cir. 2008) (citations omitted).  *See also Kain v. Nesbitt*, 156 F.3d 669 (6th Cir. 1998) (when adjudicating a pre-discovery motion for summary judgment based on qualified immunity, the court may only consider the legal question of whether, crediting plaintiff's allegations, a clearly established constitutional right was violated; the court may not yet assess the facts); *Mitchell*, 472 U.S. at 526 ("if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts."); *Dixon v. Donald*, 291 F. App'x 759, 2008 WL 4148515, at *2 (6th Cir. 2008), *citing Scott v. Harris*, 550 U.S. 372 (2007); *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998); *Goad v. Mitchell*, 297 F.3d 497, 501 (6th Cir. 2002), *quoting Saucier*, 533 U.S. at 201.

In this case, before its qualified immunity adjudication, the Court ordered very limited discovery, discovery that Plaintiff has maintained was inadequate for proper adjudication of qualified immunity, much less adjudication of full summary judgment (particularly without

7

defendants even filing a summary judgment motion). This cross-over ruling, from qualified immunity to full out summary judgment, is impermissible.

The Sixth Circuit emphasized this point in its recent ruling on the appeal in *Mott v. Mayer et al.*, a related case involving the same drug investigation, the same informant and the same group of defendants. In *Mott*, the Sixth Circuit held:

> When the district court considered the defendants' motions for summary judgment on the basis of qualified immunity, it only needed to resolve the narrow issue of whether Mott presented evidence sufficient to create a genuine issue as to whether the defendants violated his clearly established right. . . . To the extent that the district court passed judgment on the merits of Mott's claims, this was improper. Prior to discovery, the parties were directed to file motions for summary judgment based on qualified immunity alone. Neither the defendants nor Mott sought summary judgment on the merits of Mott's claims."

Ex. A, *Mott*, at 20-21. The Sixth Circuit even suggested that had the District Court entered a summary judgment ruling on the basis of these merits findings, it would have had to overturn this finding. *Id*. At 21-22.

In light of the recent *Mott* ruling, this Court should not cross-apply its qualified immunity rulings to Plaintiff's remaining claims. In addition to depriving Plaintiff of his right to discovery, another hazard of applying the Court's qualified immunity ruling to a merits ruling on the state claims is that the Court imposes an erroneous burden, and importing a holding based on the wrong standard would simply magnify the Court's error. The Court notes several times that it "has already determined there was probable cause to arrest Price." Dkt. # 144, at 25. *See also id*., at 21, 23, 24, 27 ("The Court has already determined there was sufficient, corroborative evidence relied on by Lucas, wholly apart from Bray's, that supported a probable cause determination.") In fact, Plaintiff was not required to bring evidence to refute probable cause, only sufficient evidence, when considered in the light most favorable to him, to raise a genuine question of fact as to the existence of probable cause. *Simmonds v. Genesse Cnty.*, 682 F.3d 438, 444 (6th Cir.

8

2012) ("To defeat the qualified immunity bar, a plaintiff 'must present evidence sufficient to create a genuine issue as to whether the defendant committed the acts that violated the law'"), *citing Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994). Thus, the Court's ruling is based on a mistaken application of the law and that error should not be repeated in adjudication of the state law claims.

In light of the recent Sixth Circuit *Mott* ruling and the Court's employment of the wrong standard on summary judgment, Plaintiff urges this Court not to apply its qualified immunity ruling to bar his remaining claims.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court not adjudicate his state law claims for malicious prosecution, false arrest and intentional infliction of emotional distress and that the Court order instead that full discovery proceed on these claims.

                                               RESPECTFULLY SUBMITTED,

                                               /s/ Joel Feldman
                                               Attorney for Plaintiff

Jon Loevy
Debra Loevy-Reyes
Joel Feldman
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

      I, Joel Feldman, an attorney, certify that on April 19, 2013, I delivered a copy of the attached PLAINTIFF'S SHOWING OF CAUSE WHY HIS STATE CLAIMS SHOULD NOT BE DISMISSED to counsel of record in this matter via the ECF system.

                                    /s/ Joel Feldman
                                    Attorney for Plaintiff

Jon Loevy
Debra Loevy-Reyes
Joel Feldman
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900