UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HERMAN PRICE, ET AL., ) | CASE NO.1:09CV118 & 10CV1673 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| LEE LUCAS, ET AL., ) | OPINION AND ORDER |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Karen Tandy's Motion to Dismiss (ECF # 151) and Defendant John F. Ferster's Motion to Dismiss or in the Alternative for Summary Judgment (ECF # 152).  For the following reasons, the Court grants Defendants' Motions.

Defendants Ferster and Tandy contend they had no personal role in the investigation and arrest of Price.  Ferster reviewed the DEA-6 Reports of the agents and Tandy served as Administrator of the DEA during the events in question.  Plaintiffs' Complaint does not allege any facts describing any individual acts of Tandy or Ferster that violated Plaintiffs' constitutional rights.  The Complaint only alleges DEA Supervisors had "actual knowledge" of the conspiracy to frame Price and/or gave "tacit authorization" to frame Price.  It further states that the supervisors' failure to supervise resulted in the violation of Price's

constitutional rights.

According to Defendants, Plaintiffs' Complaint offers no underlying facts that support any claim against them. Without sufficient facts to support a plausible claim against them, Defendants contend Plaintiffs claims must be dismissed pursuant Supreme Court precedent. Furthermore, since the Court has already determined probable cause existed to arrest and prosecute Price, there was no underlying violation and Defendants are not liable.

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. At 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* At 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. See also *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiffs' Complaint fails to allege any facts supporting their claims that Ferster and Tandy's failure to supervise DEA agents involved in Price's arrest and incarceration resulted in violations of his constitutional rights. In fact, there is no underlying facts alleged against Defendants that describes their roles in the investigation other than a mere recitation of their positions as supervisors. The Sixth Circuit has held that "[t]o survive the motion to dismiss, the plaintiff must show that his complaint sets forth factual allegations that Defendants . . . personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly [unlawful conduct]." *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Because Plaintiff's Complaint fails to allege any facts against Ferster and Tandy other than general conclusory statements of failure to supervise, their claims fail as a matter of law.

Furthermore, the Court has previously determined that the DEA agents acted

reasonably and Defendants had probable cause to prosecute and arrest Price, therefore, Plaintiffs' claims fail as a matter of law. Lastly, because the Court held Price lacked standing to pursue his claims because he could show no injury in fact traceable to the acts of Defendants, Plaintiffs' claims fail as to Ferster and Tandy and the Court grants Defendants' Motions to Dismiss.

Therefore, for the foregoing reasons, the Court grants Ferster's (ECF # 152) and Tandy's (ECF # 151) Motions to Dismiss.

IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated: March 7, 2014