# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN P. PRICE, ET AL., | ) | CASE NO.1:09CV118 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| LEE LUCAS, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion to Dismiss Remaining Claims against Richland County, Larry Faith, Matt Mayer, Charles Metcalf and J. Steven Sheldon (ECF # 147). For the following reasons, the Court grants Defendants' Motion.

The Court previously determined that the above Defendants were entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims. The Court determined that: the officers acted reasonably since there was probable cause to support an arrest and prosecution of Price; Price lacked standing because he could not show an injury-in-fact, because at the time of his alleged unlawful arrest and incarceration he was a fugitive from justice living under a false identity; Plaintiff could not show proximate cause because, but for his illegal flight from a seven year sentence in Michigan, he would have been arrested and incarcerated the entire time he was allegedly unlawfully incarcerated. Having granted qualified immunity to the individual Defendants and having found lack of standing and proximate cause, the Court issued a show cause order why Plaintiffs' state law claims should not be dismissed as well. The parties have briefed the issue and it

is now before the Court.

Plaintiffs' Complaint alleges state law claims for False Arrest, Malicious Prosecution, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.  To prevail on a claim for malicious prosecution under Ohio law a Plaintiff must demonstrate the following:  (1) malicious institution of prior proceedings against the plaintiff; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings. *Fuller v. Cuyahoga Metropolitan Housing Authority*, 334 Fed.Appx. 732, 737, (6th Cir. 2009) citing *Robb v. Chagrin Lagoons Yacht Club, Inc.,* 75 Ohio St.3d 264 (1996).

To prevail on a claim for false arrest under Ohio law the plaintiff must demonstrate: "(1) the intentional detention of the person and (2) the unlawfulness of the detention."*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005) quoting *Hodges v. Meijer, Inc.,* 129 Ohio App.3d 318, 717 N.E.2d 806, 809 (1998). "Thus, an arrest based on probable cause is a lawful detention and, thereby, serves to defeat a false arrest/imprisonment claim." *Radvansky* at 315.

Plaintiffs allege that Defendant's conduct, acts and omissions constitute intentional and/or negligent infliction of emotional distress.

To prevail on a claims for intentional infliction of emotional distress under Ohio law a plaintiff must demonstrate: "(1) that the actor either intended to cause emotional distress or knew or should have known that the actions taken would result in severe emotional distress; (2) that the actor's conduct was extreme and outrageous, that it went

beyond all possible bounds of decency and that is can be considered as utterly intolerable in a civilized community; (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure. *Burr v. Burns* 439 F.Supp.2d 779, 791 (S.D.Ohio,2006). "Under Ohio law, a cause of action for intentional infliction of emotional distress may lie only where defendant's conduct is 'extreme and outrageous' in that it goes 'beyond all possible bounds of decency,' is 'atrocious,' and is 'utterly intolerable in a civilized community'; conduct that is merely malicious, aggravated, or intentional or that entails an intent that is tortious or criminal is insufficient to render it actionable." *Abbot*, 348 F. 3d at 545 (citing *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 453 (1983)).

In Ohio, to recover for negligent infliction of emotional distress, a plaintiff must either sustain a physical impact as the result of the defendant's negligent conduct or be within the "zone of danger", i.e., in immediate risk of physical harm. *Dobran v. Franciscan Medical Center*, 102 Ohio St. 3d 54, 58 (2004).

The Court holds Plaintiffs cannot maintain their state law claims for the same reasons Plaintiff Hermann Price could not maintain his §1983 claims. First, Price lacks standing to sue due to his inability to show an injury in fact. "To have standing, the plaintiff must demonstrate an '*injury in fact,*' which requires a showing that the party has suffered or will suffer a specific injury." *Camp St. Mary's Assn. of W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes* 176 Ohio App.3d 54, 66 (Ohio App. 3 Dist.,2008). "Furthermore, the injury must be traceable to the challenged action,

3

and the injury must likely be redressed by a favorable decision." *Id.*

Price was a wanted fugitive, having fled sentencing in Michigan where he had pled, waived certain constitutional rights and agreed to a seven year term of incarceration that encompassed the entire time he was arrested and incarcerated in the Mansfield investigation.  But for his illegal assumption of a false identity, he would have been arrested and incarcerated.  Therefore, any injury arising from his arrest and incarceration in the Mansfield investigation is not recoverable simply because he should have been arrested and incarcerated by the terms of his plea which incorporated his waiver of certain constitutional rights.

The Court also determined he could not show his injuries, arising from his arrest and incarceration, were proximately caused by Defendants wrongful actions because, but for his own illegal conduct, he was subject to immediate arrest and incarceration.

Furthermore, the Court determined Price could not prevail on his §1983 claims because the Defendants' actions were reasonable since there was probable cause toarrest and prosecute Plaintiff.  Since probable cause is a defense to false arrest and malicious prosecution under Ohio law, these claims fail as a matter of law.  Lastly, because the Court found the Defendants' actions reasonable on Price's §1983 claims, these same acts cannot be the basis for an intentional or negligent infliction of emotional distress.

Therefore, for these same reasons, Plaintiffs' state law claims fail as a matter of law as well and are dismissed with prejudice.  Judgment is granted for Defendants and against Plaintiffs on all Plaintiffs' remaining claims in the above captioned case.

IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

Dated: March 7, 2014